[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15720
Non-Argument Calendar
_____

Agency No. A200-811-210


ROSA CATARINA HERNANDEZ TUMACAJ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 5, 2013)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Rosa Catarina Hernandez Tumacaj ("Hernandez"), a citizen of Guatemala,

seeks review of the order of the Board of Immigration Appeals ("BIA") affirming

the Immigration Judge's ("IJ") denial of asylum pursuant to the Immigration and Nationality Act ("INA") § 208(a), 8 U.S.C. § 1158(a), withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c).  For the reasons set forth below, we deny Hernandez's petition.[1]

## I.

In an oral decision, an IJ denied Hernandez's claim for asylum because she had not shown (1) that she was a member of a particular social group, or (2) that she was persecuted on account of a protected ground.  The IJ found that Hernandez's claim was based largely on generalized assertions that a criminal gang called the Mara Salvatrucha was targeting her family, but she had not established that the Mara Salvatrucha actually was targeting her family.  According to the IJ, there was little evidence showing that Hernandez and her family had been singled out for any reason, as the Mara Salvatrucha appeared to target individuals indiscriminately.  However, to the extent Hernandez claimed that her family was singled out for harm because her family members refused to join the Mara

---

[1] Because Hernandez does not raise any argument in her appellate brief concerning her claims for withholding of removal and CAT relief, these claims are abandoned.  *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (providing that when a petitioner fails to offer argument on an issue, that issue is abandoned).

Salvatrucha, the IJ determined that merely refusing to join an organization was not a basis upon which relief could be granted.

In a single-judge order, the BIA observed its precedent that a family group could qualify as a particular social group under the INA and observed that it had recently determined that "persons who refuse to join gangs have not been shown to be part of a particular social group." The BIA agreed with the IJ's determination that Hernandez's family was not "particularly targeted" because there was little evidence that Hernandez and her family were "singled out for harm for any reason," as the Mara Salvatrucha appeared to "target indiscriminately." The BIA determined that the record reflected that Hernandez had testified that the recruitment of youth in Guatemala was frequently on the news and affected families other than Hernandez's family. The BIA then agreed with the IJ's finding that Hernandez failed to meet her burden of proof for asylum and withholding of removal because she failed to establish past persecution or a well-founded fear of future persecution on account of any of the protected grounds, including membership in a particular social group.

## II.

On appeal, Hernandez argues that the BIA erred in determining that her family was not a particular social group because the family was not particularly targeted by the Mara Salvatrucha. Specifically, in determining whether her family

3

qualified as a particular social group, the BIA should not have considered whether she and her family were singled out for harm, or whether the Mara Salvatrucha target indiscriminately.  Hernandez further argues that the BIA also should not have considered evidence showing that gang recruitment of youth in Guatemala was frequently in the news and that the recruitment affected families other than Hernandez's family.  According to Hernandez, the BIA placed an additional burden on Hernandez by requiring her to prove that she was particularly targeted by the Mara Salvatrucha.  Hernandez also argues that the BIA erred by failing to consider whether her family "presented the kind of kinship ties that constitute a particular social group."

In a petition for review of a BIA decision, we review conclusions of law *de novo* and review factual determinations under the substantial evidence test. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009).  Under the substantial evidence test, we draw every reasonable inference from the evidence in favor of the decision, and we reverse a finding of fact only if the record compels reversal. *Id*. at 1351.  The fact that the record may support a contrary conclusion is insufficient to reverse. *Id.*  We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision. *Id.* at 1350.  Where the BIA agrees with the IJ's decision, we will review the decisions of both the BIA and the IJ. *Id.*  Here, because the BIA agreed with the finding of the IJ that Hernandez

4

failed to establish past-persecution or a well-founded fear of future persecution on account of any of the protected grounds, we review the decisions of both the IJ and the BIA about that issue. *See id.*

An applicant for asylum must meet the INA's definition of a refugee. INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). The INA defines a refugee as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).

To show eligibility for asylum, an applicant may satisfy her burden of proof in either of two ways. *Sepulveda*, 401 F.3d at 1230-31. First, she may show that she was persecuted in the past in her home country on account of a protected ground. *Id.* If the applicant demonstrates past persecution, there is a rebuttable presumption that she has a well-founded fear of future persecution. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006). Second, an applicant may meet her burden by establishing that she has a well-founded fear that she will be persecuted in the future on account of a protected ground. *Sepulveda*, 401 F.3d at 1231.

Here, the BIA determined that Hernandez could not show that she was persecuted "on account of" her membership in her family. In addressing whether

5

the "on account of" element of Hernandez's asylum claim was satisfied, the BIA properly considered whether Hernandez and her family were particularly targeted or singled out for harm, or whether the Mara Salvatrucha targeted her and her family indiscriminately. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-83, 112 S.Ct. 812, 816-17, 117 L.Ed.2d 38 (1992) (holding that an applicant had failed to show that he was persecuted "on account of" a protected ground, that is, his political opinion, where he had failed to provide some evidence of his persecutors' motives).

Next, Hernandez argues that the BIA erred in failing to consider whether Hernandez's family, by itself, presented the kind of kinship ties that constitute a particular social group. However, the BIA never explicitly decided whether Hernandez's family, by itself, constituted a particular social group. The BIA was not required to actually decide whether her family was a particular social group, in light of its determination that Hernandez failed to satisfy the "on account of" element. *See INS v. Bagamasbad*, 429 U.S. 24, 25, 97 S.Ct. 200, 201, 50 L.Ed.2d 190 (1976) (providing that, as a general rule, agencies are not required to make findings on issues that are unnecessary to the result they reach). Hernandez does not raise any other challenge to the BIA's determination that she had failed to show that she was persecuted or had a well-founded fear of future persecution "on account of" a protected ground. Thus, any other challenge to this determination is

6

abandoned.  *See Sepulveda*, 401 F.3d at 1228 n.2.  For the foregoing reasons, we

deny Hernandez's petition.

**PETITION DENIED.**